## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50296 | DATE | 3/12/2004 |
| CASE TITLE | Ison vs. Invacare Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, National Seating's motion to dismiss is denied as to Count IX and granted as to Counts VI-VIII without prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | MAR 1 2 2004 | 25 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | 3-15-04 | |
| | | | | date mailed notice | |
| LC | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff filed a ten-count amended complaint against defendants, Invacare Corporation and National Seating & Mobility, Inc. (National Seating). National Seating, relying on section 2-621 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-621 (West 2002), seeks dismissal of Counts VI-VIII, contending that it has certified that Invacare Corporation was the manufacturer of the allegedly defective product and that plaintiff has failed to allege any of the exceptions under section 2-621(c). While its motion to dismiss was directed at Count IX (negligence) as well, defendant has conceded in its reply brief that section 2-621 does not apply to negligence claims. This is a proper concession as the former version of section 2-621, which applies due to the amended version having been declared unconstitutional by the Illinois Supreme Court (see Aron v. Brown & Williamson Tobacco Corp., 2003 WL 21305531, *2 (N.D. Ill. Feb. 10, 2003)), expressly limits section 2-621 to "any product liability action based in whole or in part on the doctrine of strict liability." 735 ILCS 5/2-621(a).

In response to the motion to dismiss, plaintiff, relying on the exception in section 2-621(c) that allows a strict liability claim against a distributor or seller of an allegedly defective product if the defendant "had actual knowledge of the defect in the product," contends it has alleged such knowledge in its amended complaint and points to record evidence outside the complaint that it asserts shows that National Seating had actual knowledge of the defect. National Seating, in reply, contends there are no allegations of actual knowledge and further identifies other evidence that it claims demonstrates a lack of such knowledge.

Although procedural in nature, section 2-621 has been applied as a substantive provision in diversity cases such as this. See Indeck Power Equpiment Co. v. Jefferson Smurfit Corp., 881 F. Supp. 338, 341 (N.D. Ill. 1995). A motion to dismiss based on section 2-621 has been treated as one brought under Fed. R. Civ. P. 12(b). Indeck Power Equipment Co., 881 F. Supp. at 341. As such, it tests the sufficiency of the complaint only. Indeck Power Equipment Co., 881 F. Supp. at 342.

Here, a liberal reading of the amended complaint fails to reveal any claim that National Seating has actual knowledge of the alleged defect. Thus, Counts VI-VIII that are based on strict products liability must be dismissed. The dismissal of Counts VI-VIII is without prejudice to plaintiff re-pleading and including the required allegations of actual knowledge. Plaintiff is cautioned, however, to carefully consider whether such an allegation is proper in light of the representations of evidence regarding that issue included with plaintiff's memorandum in response to the motion to dismiss.

For the foregoing reasons, National Seatings's motion to dismiss is denied as to Count IX and granted as to Counts VI-VIII without prejudice to plaintiff re-pleading and including the required allegations of actual knowledge within 14 days of the date of this order.